Zourab TSIKOLIIA; Zinaida Savelievna Tsikoliia; Levon Ogly, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72786.

Agency Nos. A75–477–519, A75–477–520, A75–477–521.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Nov. 24, 2003.

Howard R. Davis, Davis, Miller & Neumeister, Van Nuys, CA, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John C. Cunningham, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL and O'SCANNLAIN, Circuit Judges, and BROWN, District Judge.**

MEMORANDUM***

Zourab Tsikoliia and his family petition for review of the Board of Immigration Appeals' (BIA) summary affirmance without opinion pursuant to 8 C.F.R. § 3.1(a)(7)[1] of their appeal from an Immi-

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Anna J. Brown, United States District Judge for the District of Oregon, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In March, 2003, the Department of Justice reorganized Title 8 of the Code of Federal Regulations to reflect the transfer of the functions of the INS to the Department of Homeland Security under the Homeland Security Act of 2002. 68 Fed.Reg. 10350 (March 5, 2003). Thus, 8 C.F.R. § 3.1(a)(7) is now reorganized without substantive change as § 1003.1(a)(7).

gration Judge's (IJ) denial of their applications for asylum and withholding of removal. Mr. Tsikoliia, the lead Petitioner, is a native and citizen of the Republic of Georgia. The claims of Mr. Tsikoliia's wife and son are derivative of his application.[2] Because the BIA did not perform an independent review, we review the IJ's decision. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002).

The IJ denied the applications based on an adverse credibility determination. We must affirm that decision unless the record compels a finding that the applicant was credible. *See* 8 U.S.C. § 1252(b)(4)(B); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). *See also INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ's adverse credibility determination in this case, however, is supported by a substantial discrepancy in Mr. Tsikoliia's testimony. Although Mr. Tsikoliia claimed he was persecuted in part because of his religion, he asserted at different points in the asylum process that he was an adherent of two different religions. Moreover, he failed to offer a satisfactory explanation for this discrepancy. The record, therefore, does not compel a contrary credibility finding. It follows that the IJ's decision is supported by substantial evidence. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997). Accordingly, the Petition for Review is DENIED.

---

**2.** Although Mr. Tsikoliia's wife, Zinaida Tsikoliia, brought an independent claim for asylum based on being a gypsy, she waived that claim when she did not support it in Petitioners' opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

